PORT HURON MACHINERY COMPANY, APPELLANT, V. OSCAR BRAGG, APPELLEE.

FILED OCTOBER 18, 1906.   No. 14,432.

1. Evidence examined, and *held* sufficient to sustain the judgment of the trial court.

2. Sales: BREACH OF WARRANTY: REVIEW: Action of the trial court in the admission of evidence examined, and *held* not prejudicial.

APPEAL from the district court for Phelps county: LESLIE G. HURD, JUDGE. *Affirmed.*

*A. J. Sawyer* and *A. J. Shafer,* for appellant.

*James I. Rhea, contra.*

OLDHAM, C.

This was an action in replevin. The facts underlying the controversy are that in the spring of 1903 defendant Bragg purchased from the plaintiff a threshing engine, and made a payment on his contract of purchase by turning over to the company an old engine which he owned, and secured the remainder of the agreed price by executing notes in the gross sum of $1,400, payable at various times, and secured by a chattel mortgage on the engine and also on certain live stock owned by the defendant.

Default being made in the payment of the notes, the company took into its possession the engine, and demanded possession of the horses and cattle described in the chattel mortgage, which was denied, and it thereupon instituted the case at bar. Defendant answered plaintiff's petition with a general denial, and also pleaded specifically breaches of the warranty contained in the written contract of purchase, and alleged a rescission of the contract because of such breaches. On issues thus joined there was a trial to the court and jury, and a verdict and judgment for the defendant. To reverse this judgment plaintiff has appealed to this court.

The written warranty, the breach of which was alleged and relied on by defendant as a ground for rescission of the contract, contained the following condition: "If operated by competent persons," and the contest of fact raged around the question as to whether the machine failed to operate successfully because of defects in the alignment and construction of the engine, or because of the want of skill in its management by defendant Bragg. On this question there was a sharp conflict in the testimony. The evidence offered by defendant, however, tended to show that he had worked around steam threshing engines and machines for 14 years, and that he had owned and operated a J. I. Case engine for six years before the purchase of the engine in dispute; that plaintiff's agent had conversed with him as to his experience in managing threshing engines before the purchase, and knew, not only from defendant himself, but also from general inquiry, as to the extent of defendant's experience and his success in handling threshing engines before the contract was made. Under this state of the record we cannot, as urged by appellant, say that, as a matter of law, there is not sufficient evidence in the record to show that the engine was operated by competent persons. The evidence offered by the defendant tended to show that the engine did not work well from the start; that it wore heavily on the gearing and made a jarring noise, as if it

were not in correct alignment, and that on passing over soft and muddy ground the gearing broke under the strain. The evidence also shows that he made timely complaint, in substantial compliance with the terms of the warranty, of the failure of the engine to work properly, and that plaintiff's agent responded to the complaint, and attempted to adjust the alignment of the engine and put it in proper working order, but that, on a subsequent trial, it failed to work satisfactorily, and plaintiff's agent responded to a second complaint and again attempted to, or, as claimed by the plaintiff, did put the engine in proper working order. This claim, however, is denied by the defendant. It also shows that on a third notice, contained in two registered letters directed to the company at Lincoln, Nebraska, the plaintiff refused to make further repairs on the engine, and that, on the receipt of such refusal, defendant notified plaintiff that he had rescinded the contract and that the engine was at its disposal. Plaintiff objected to the evidence of the notification by registered letter directed to Lincoln, Nebraska, because the contract required notice to be given by registered letter to the general office of the company at Des Moines, Iowa. We think this objection is untenable, in view of the fact that plaintiff actually received the notices and answered them, and in its answer refused to further repair the engine, for the alleged reason that the engine was in proper condition and that the only fault was in its management by defendant. Objection is also urged against the action of the trial court in permitting the defendant to express his opinion on the merits of the engine because, it is alleged, there is no evidence tending to show that he had expert knowledge of the operation of an engine. We think the evidence already set out, as to defendant's experience in managing a threshing engine, was sufficient to qualify him to give his opinion, for whatever it was worth, on the alignment of the engine.

The six instructions given by the court on its own mo-

tion are objected to in a group, without any words tending to separate them. Consequently, under the well established rule of this court, we need only examine the first one, which properly stated plaintiff's cause of action, to overrule this objection. The only real question in issue here is as to the sufficiency of the evidence to support the verdict. We have examined the record carefully, and are satisfied that it contains competent testimony tending to establish defendant's claim.

We therefore recommend that the judgment of the trial court be affirmed.

AMES and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.